# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No.: 1:06 CV 199

| | |
|---|---|
| **MELANIE PITROLO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **COUNTY OF BUNCOMBE, NORTH** ) | |
| **CAROLINA, WESTERN NORTH** ) | **CONSENT PROTECTIVE** |
| **CAROLINA REGIONAL AIR QUALITY** ) | **ORDER** |
| **AGENCY, WESTERN NORTH CAROLINA** ) | |
| **REGIONAL AIR QUALITY AGENCY** ) | |
| **BOARD OF DIRECTORS, and DEAN KAHL,**) | |
| **LOYD KIRK, VONNA CLONINGER, and** ) | |
| **BRITT LOVIN,** ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the court on the Joint Motion for Entry of Protective Order filed by plaintiff and defendants. It appearing that personnel records are likely to be produced in discovery in this matter and that such records may contain confidential information that is not otherwise publicly available and that the parties wish to restrict use of such information.

**IT IS THEREFORE ORDERED** as follows:

1. All personnel records of any current or former employee of Buncombe County or of the Western North Carolina Regional Air Quality Agency produced in this matter shall be used solely in connection with pretrial pr5oceedings, preparation for trial, trial or other proceedings in connection with this action and for no other purpose.

2. Access to personnel records produced in this matter shall be restricted to:

    a. The attorneys appearing in this case for any party to this litigation and personnel who are directly employed staff members of those attorneys and their law firms who are assisting the attorneys in their work on this action;

b. Those agents of any party to this litigation, other than attorneys and attorneys' staff members described in sub-paragraph 2.a., whose assistance is required in the preparation of this case for trial and who must have access to the materials to render assistance;

c. Experts or consultants retained by any party to this litigation or their attorneys in preparation of this case, or trial of this case;

d. The court and court personnel, including stenographic reporters, engaged in such proceedings as are necessarily incident to the preparation and trial of this case;

e. Parties and potential fact witnesses in this action and persons noticed for deposition and/or designated as trial witnesses, to the extent necessary for the investigation of the case, the preparation of the witness for any testimony and taking of any testimony. Such parties or witnesses shall be advised of this order and shall be subject to the provisions of this order; or

f. Such other persons as ordered by the court.

3. Any party may unilaterally apply to the court for modification of this protective order. Nothing in the protective order shall be deemed to prejudice their rights to seek modification.

4. Following of this litigation, the provisions of this protective order relating to the confidentiality of protected documents and information shall remain in full force and effect and continue to be binding, except with respect to documents or information which are no longer confidential.

Signed: September 18, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge