# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv199

| | |
|---|---|
| MELANIE PITROLO, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )    ORDER<br>) |
| COUNTY OF BUNCOMBE, NORTH CAROLINA; WESTERN NORTH CAROLINA REGIONAL AIR QUALITY AGENCY BOARD OF DIRECTORS; DEAN KAHL; LOYD KIRK; VONNA CLONINGER; and BRITT LOVIN, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on plaintiff's Motion to Compel Discovery (#18), defendants' Response (#21), and plaintiff's Reply (#25).

In this gender discrimination and Equal Pay Act case, defendants have interposed objections to plaintiff's discovery requests which seek information concerning "male comparators" during times relevant to plaintiff's public employment. Plaintiff seeks to compel such discovery.

Defendants' primary objection is that these discovery requests come late in the discovery process. Indeed, it appears that these discovery requests came at the end of discovery; however, they are within the time provided by the Pretrial Order. While plaintiff's timing of the discovery request may make the information of little practical

use inasmuch as the court-sanctioned time for taking depositions has closed,[1] as long as the requests are made within the time provided by the Pretrial Order, the information sought is discoverable if it within the scope of Rule 26, Federal Rules of Civil Procedure. The court finds no merit to defendants claim that such requests were untimely.

Defendants have also argued that plaintiff should have known from her own experience or should have done pre-litigation investigation as to who she believes are comparators prior to filing this action in May 2006. Plaintiff responds that such information was not available from public documents at the time she filed her Complaint, because the county only makes available to the public information on current employees. As to whether plaintiff should have known who the comparators were during her employment, it simply is not reasonable to assume that any employee within a large municipal government would know across the board who was being paid what salary and what duties were performed for such compensation. To require otherwise would be to put employees in litigation mode, gathering evidence against their public employer in anticipation of litigation they may not even foresee, when they should be devoting their time to public service.

Finally, defendants have argued that plaintiff's discovery requests are objectionable because they may well require production of information as to employees who are not comparators as defined by relevant case law. While it may

---

[1] Counsel may take depositions up to the time of trial with the consent of opposing counsel.

be valid to argue at trial or at summary judgment that evidence as to a given employee is not admissible inasmuch as such person is not a "valid comparator," see Wheatley v. Wicomico County, Maryland, 390 F.3d 328, 334 (4th Cir. 2004), discovery that is designed to find valid comparators is not objectionable simply because it may also include information that may not be admissible. Under Rule 26, the court's inquiry is a simple one:

> the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). Thus, if plaintiff's discovery requests appear to be reasonably calculated to lead to the discovery of admissible evidence, i.e., persons who may be determined to be comparators, they must be answered. Plaintiff has requested the following:

Interrogatory No. 1.
Identify by name, address, phone number, gender, pay, benefits, job title, job responsibilities, and status as exempt or non-exempt, all supervisors, assistant directors and directors who worked at the County, the Agency, or any County department at any time from May 26, 2003 to July 1, 2005.

Document Request No. 1
All documents regarding the job duties, position descriptions, classifications, pay plans or salary grades, pay, benefits, identity and gender of supervisors, assistant directors, and directors who worked at the County, the Agency, or any County department at any time from May 26, 2003 to July 1, 2005.

Clearly, these requests are tailored to find persons who may be determined to be comparators. Plaintiff's Motion to Compel will be allowed.

In accordance with the requirements of Rule 37(a)(4), Federal Rules of Civil

-3-

Procedure, plaintiff may seek an award of its costs and fees by filing a motion for hearing on costs and fees accompanied by an itemized bill of costs and fees. Because an award to the prevailing party on a Motion to Compel is mandated by the Federal Rules, respective counsel are advised that the preferred method of resolution of costs and fees is through amicable agreement without necessitating the additional costs of a hearing.

## ORDER

**IT IS, THEREFORE, ORDERED** that on plaintiff's Motion to Compel Discovery (#18) is **ALLOWED**, and defendants shall fully answer and provide the requested discovery materials within 10 days.

Signed: April 4, 2007

Dennis L. Howell
United States Magistrate Judge