# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:06CV199

| | | |
|---|---|---|
| **MELANIE PITROLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **COUNTY OF BUNCOMBE, NORTH** | ) | |
| **CAROLINA, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants' renewed motion
for summary judgment filed May 28, 2009; Plaintiff has filed response
opposing Defendants' motion, and Defendants have filed a reply thereto.
For the reasons that follow, Defendants' motion is granted in part and
denied in part.

## I. BACKGROUND

Plaintiff filed this action in the General Court of Justice, Superior
Court Division of Buncombe County, North Carolina, alleging Defendants
violated Title VII by failing to promote her to the position of Interim Director

of the Western North Carolina Regional Air Quality Agency and retaliating against her for engaging in protected activity. On June 22, 2006, Defendants removed the state action to this Court on the basis of federal question jurisdiction. After engaging in extensive discovery, Defendants moved for summary judgment on all of Plaintiff's claims; the Magistrate Judge reviewed Defendants' motion and recommended this Court grant summary judgment. ***See* Memorandum and Recommendation, filed July 16, 2007.** The parties filed objections to the Memorandum and Recommendations; after a *de novo* review of those objections, this Court agreed with the Magistrate Judge's recommendation and granted Defendants' motion for summary judgment and dismissed all of Plaintiff's claims with prejudice. ***See* Memorandum and Order and Judgment, filed October 10, 2007.** Plaintiff filed a timely appeal to the Fourth Circuit. In an unpublished opinion filed April 15, 2009, the Fourth Circuit upheld the grant of summary judgment on Plaintiff's retaliation claim, but vacated this Court's grant of summary judgment on Plaintiff's claim of gender discrimination and remanded the case for further proceedings. ***See* *Pitrolo v. County of Buncombe*, 2009 U.S. App. LEXIS 4862 (4th Cir. 2009).**

Defendants now renew their motion for summary judgment on Plaintiff's remaining claim of gender discrimination, arguing the matters raised therein were not addressed by either this Court or the Fourth Circuit. **Defendants' Brief in Support of Renewed Motion for Summary Judgment, filed May 28, 2009, at 2.** Plaintiff, however, opposes Defendants' motion, arguing it totally disregards the Fourth Circuit decision herein. **Plaintiff's Opposition to Defendants' Renewed Motion for Summary Judgment, filed June 15, 2009, at 2.** This matter having been fully briefed is now ready for resolution.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact, and judgment for the moving party is warranted as a matter of law. **Fed. R. Civ. P. 56(c)**. "A genuine issue [of fact] exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" ***Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).** In considering a motion for summary judgment, the Court is required to view the facts and draw reasonable inferences in a light most favorable to the

nonmoving party. *Id.* By reviewing substantive law, the Court may determine what matters constitute material facts. *Anderson*, **477 U.S. at 248.** "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* "The party seeking summary judgment has the initial burden to show a lack of evidence to support the nonmoving party's case." *Shaw*, **13 F.3d at 798.** If that showing is made, the burden then shifts to the nonmoving party who must convince the Court that a triable issue does exist. *Id.* A "mere scintilla of evidence" is not sufficient to defeat a motion for summary judgment. *Id.* Accordingly, in considering the facts of the instant case for purposes of this motion, the Court will view the record in the light most favorable to Plaintiff, the nonmoving party.

### III. DISCUSSION

The facts of this case are adequately set forth in the Court's Memorandum and Order entered October 10, 2007. Those facts along with facts from the Magistrate Judge's Memorandum and Recommendation are fully incorporated herein.

Defendants raised three issues in their renewed motion for summary judgment, and a new issue in their reply to Plaintiff's opposition to summary judgment.

## A.      Individual Liability under Title VII

Defendants contend that summary judgment should be granted to Defendants Kahl, Kirk, Cloninger, and Lovin in their individual capacities because they cannot be held liable under Title VII for the alleged discrimination.  **Defendants' Brief, *supra*, at 10-11.**  Plaintiff contends that Defendants' motion for summary judgment on this issue is untimely as it was not raised in their original motion for summary judgment or on appeal. Plaintiff does not challenge Defendants' citation of law on this issue. **Plaintiff's Opposition, *supra*, at 18.**  Assuming *arguendo* that Defendants' motion on this issue is untimely, it is of no moment because, as a matter of law, Defendants Kahl, Kirk, Cloninger, and Lovin, individually, cannot be held liable under Title VII for gender discrimination.

The Fourth Circuit has addressed the issue of individual liability under Title VII.  *See Lissau v. S. Food Serv., Inc.* **159 F.3d 177 (4th Cir. 1998).**  In *Lissau*, the Fourth Circuit specifically held that only an employer

is subject to liability for Title VII violations; to do otherwise, "would improperly expand the remedial scheme crafted by Congress." ***Id.* at 181 (citing cases and concluding that "every circuit that has confronted this issue since the enactment of [Title VII] has rejected claims of individual liability").**

Plaintiff's complaint alleges that Defendants Kahl, Kirk, Cloninger, and Lovin are employees of the Defendant employer, Buncombe County; as such, these Defendants are not liable in their individual capacities for an alleged Title VII violation.

**B.     Gender Discrimination Claim**

The Fourth Circuit vacated this Court's order granting summary judgment to Defendants on Plaintiff's claim of gender discrimination and remanded the matter for further proceedings.  In the opinion, the Fourth Circuit held that Camby's "statement constitutes direct evidence of gender discrimination and, given the facts in this record, it is sufficient to defeat summary judgment."  ***Pitrolo*, 2009 U.S. App. LEXIS 4862 at *7.**  In the renewed motion for summary judgment, Defendants ask the Court to ignore the plain language of the Fourth Circuit's opinion and to again grant

summary judgment on the gender discrimination issue. The Court declines

to do so. Defendants engage in a lengthy analysis in their renewed

motion; but this effort is of no avail. The Fourth Circuit's decision does not

invite this Court to reconsider the issue of whether Camby's statement was

direct evidence; that issue has been decided unequivocally by the Fourth

Circuit. Therefore, this issue is not appropriate for summary judgment.


**C.    Remedies**

Defendants contend that Plaintiff's remedies are limited in the event

that she prevails at trial. The Court finds this issue is better addressed

through motions made at trial or *via* the parties' proposed jury instructions.


**D.    Defendants' Reply Brief**

In their reply, Defendants' pose a question not raised in their

renewed motion for summary judgment:  Was the Defendant Air Quality

Agency Plaintiff's employer for purposes of establishing Title VII liability, or

was Buncombe County Plaintiff's employer? [1]  **Defendants' Reply Brief in**

---

[1] This issue was raised previously by Defendants.  ***See* Defendants' Objections to the Memorandum and Recommendation, filed August 1, 2007, at 12-15.**  Even though Defendants are correct that the issue of

**Support of Renewed Motion for Summary Judgment, filed June 25, 2009.** After considering the Defendants' initial motion for summary judgment filed March 7, 2007, the undersigned concluded that Plaintiff's claim for gender discrimination and retaliation under Title VII must fail as a matter of law. Therefore, Defendants' objection regarding whether Buncombe County, rather than the Agency, was in fact Plaintiff's employer was not addressed. ***See* Memorandum and Order, *supra*, at 27-28.**

Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such person." **42 U.S.C. § 2000e(b)**. Defendants objected to the Magistrate Judge's finding that Buncombe County was Plaintiff's employer, or, in the alternative, Plaintiff's co-employer. **Defendants' Objections to Memorandum and Recommendation, *supra*, at 12; Memorandum and Recommendation, *supra*, at 14-22**. Defendants contend that the Air Quality Agency is actually Plaintiff's employer, and with fewer than 15 employees, that Agency is not liable under Title VII. **Defendants' Reply**

---

subject matter jurisdiction can be raised at any time, the Local Rules of this Court provide that "a reply brief *should be* limited to a discussion of matters *newly raised in the response*." **LCvR 7.1(E) (emphasis added)**.

**Brief,** *supra***, at 4.**  Plaintiff addressed this argument stating that the

Defendants "ignore the critical fact that Buncombe County stipulated in the

Interlocal Agreement that Melanie Pitrolo and all other Agency employees

were deemed to be County employees."  **Plaintiff's Response to**

**Defendants' Objections, filed August 22, 2007, at 2 (citing Exhibit 26,**

**Interlocal Agreement, ¶ 5A,** *attached to* **Defendants' Memorandum in**

**Opposition to Summary Judgment, filed March 7, 2007).**

Defendants argue that "[w]hile the Interlocal Agreement deems the

Agency staff to be *employees of Buncombe County*, the entity with the

authority to make employment decisions is the Agency Board and the

Director."  **Defendants' Reply Brief in Support of Motion for Summary**

**Judgment, filed June 4, 2007, at 1-2 (emphasis added).**  Defendants

contend that the proper test for defining whether the Agency or Buncombe

County was Plaintiff's employer is "[w]hat entity made the final decisions

regarding employment matters related to the person claiming

discrimination."  *Hukill v. Auto Care, Inc.***, 192 F.3d 437, 444 (4ᵗʰ Cir.**

**1999).**  However, this emphasis on *Hukill* overlooks the plain language of

the Interlocal Agreement which provides:

> The parties hereto agree that since the Agency will not have a
> personnel office nor a personnel plan, that all Agency staff shall

follow Buncombe County personnel policies and procedures
and become employees of Buncombe County.

**Interlocal Agreement, at ¶ 5(A).**  Moreover, the agreement provides that

"Buncombe County's personnel department will administer the position

classification plan, leave policies, compensation (Buncombe County paid

Plaintiff's salary) and benefits and personnel records and reporting of the

Agency at the direction of the Agency Director.**"**  *Id*. **¶ 5(A)(2**).  After

considering the evidence of record, the Court declines to ignore the

express language of the Interlocal Agreement that provides that employees

of the Agency are in fact employees of Buncombe County.  Accordingly,

Defendants' argument is overruled.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motion for

summary judgment as to the Defendants Kahl, Kirk, Cloninger, and Lovin

in their individual capacities is **GRANTED,** and such claims are

**DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary

judgment on Plaintiff's gender discrimination claim is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment on the issue of subject matter jurisdiction is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment on the issue of Plaintiff's remaining remedies is **DENIED WITHOUT PREJUDICE** to renewal.

Signed: June 29, 2009

Lacy H. Thornburg
United States District Judge