IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV199

| | |
|---|---|
| MELANIE PITROLO, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>COUNTY OF BUNCOMBE, NORTH )<br>CAROLINA; WESTERN NORTH )<br>CAROLINA REGIONAL AIR QUALITY )<br>AGENCY; WESTERN NORTH )<br>CAROLINA REGIONAL AIR QUALITY )<br>BOARD OF DIRECTORS; and DEAN )<br>KAHL, LOYD KIRK, VONNA )<br>CLONINGER, and BRITT LOVIN, in )<br>their official capacities, )<br>)<br>Defendants. )<br>) | MEMORANDUM AND<br>O R D E R |

**THIS MATTER** is before the Court on Defendants' motion for judgment as a matter of law, filed August 5, 2009. Plaintiff filed a response opposing the relief sought; Defendants have advised the Court of their intention not to file a reply brief. ***See* Defendants' Notice Regarding**

**Reply Brief, filed August 18, 2009.** For the reasons that follow, Defendants' renewed motion for judgment as a matter of law is granted.[1]

## I. BACKGROUND

The factual history and procedural background as set forth in the Memorandum and Order filed October 10, 2007, and in the Magistrate Judge's Memorandum and Recommendation, filed July 16, 2007, are fully incorporated herein. Plaintiff filed a timely appeal of this Court's Judgment of October 10, 2007, to the Fourth Circuit which, in an unpublished opinion filed April 15, 2009, upheld this Court's grant of summary judgment on Plaintiff's retaliation claim, but vacated dismissal of Plaintiff's claim of gender discrimination and remanded the case for further proceedings. ***See Pitrolo v. County of Buncombe*, 2009 U.S. App. LEXIS 4862 (4th Cir. 2009).**

---

[1] On August 7, 2009, Plaintiff filed a motion for attorney fees and costs contending that, as the prevailing party, such reasonable fees and costs were proper. On August 17, 2009, Defendants filed response opposing Plaintiff's motion. Because the Court grants Defendants' renewed motion for judgment as a matter of law, Plaintiff does not prevail in this action; therefore, Plaintiff's motion for attorney fees and costs will be denied.

After remand, the case was returned to the trial calendar and scheduled for the July 2009 term.  Prior to trial, Defendants renewed their motion for summary judgment on Plaintiff's remaining claim of gender discrimination, arguing the matters raised therein were not directly addressed by either this Court or the Fourth Circuit.  **Defendants' Brief in Support of Renewed Motion for Summary Judgment, filed May 28, 2009, at 2**.  Plaintiff argued the appellate court expressly found direct evidence of gender discrimination in the alleged statement from Bob Camby, Plaintiff's then-supervisor, to Plaintiff that there was opposition to Plaintiff's promotion because of her gender.  **Plaintiff's Opposition to Defendants' Renewed Motion for Summary Judgment, filed June 15, 2009, at 2**.  In ruling on Defendants' renewed motion, the Court found that individual members of the Western North Carolina Regional Air Quality Agency Board (hereinafter "the Agency") were employees of Buncombe County and as such could not be held individually liable under Title VII.  ***See*** **Order, filed June 29, 2009, at 5-6 (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998))**.  The undersigned rejected a claim by Defendants that the Agency was Plaintiff's actual employer, and with less than 15 "employees," the Agency could not be held liable under Title

VII.  **Defendants' Reply Brief in Support of Renewed Motion for Summary Judgment ("Defendants' Reply Brief"), filed June 25, 2009, at 4.**  For purposes of this action, the undersigned finds that the Agency serves as an "Agent" for Defendant Buncombe County and thus actions of the Agency or the individual Agency members are deemed actions of the employer Buncombe County.  *See Lissau*, **159 F.3d at 181 (quoting 42 U.S.C. § 2000e(b) of Title VII defining employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "agent of such a person.").**

Following a three day jury trial, and after all of the evidence was presented, Defendants' counsel made a motion for judgment as a matter of law on the issue of gender discrimination.  Defendants contended that there was no substantial evidence from which the jury could conclude that Plaintiff's gender played any factor at all in the Agency's decision not to promote her to Interim Director.  This motion was denied and the matter was allowed to go to the jury to consider the issues contained on the verdict sheet.  The first issue reads:

Do you the jury unanimously find by a preponderance of the evidence that Melanie Pitrolo was denied the promotion to Interim Director because of her gender?

The second issue reads:

> Do you the jury find by a preponderance of the evidence that Plaintiff's gender was a motivating factor in the Employer's decision not to promote the Plaintiff to the position of Interim Director?

The third issue reads:

> Do you the jury unanimously find by a preponderance of the evidence that the Employer would have denied the Plaintiff the promotion even in the absence of consideration of her gender?

The jury answered the first issue, "No;" the second issue, "Yes;" and the third issue, "Yes." **See Issues, filed July 22, 2009.** Thereafter, Judgment was entered in accordance with the jury's verdict. **See Judgment, filed July 28, 2009.**

Defendants contend in their renewed motion for judgment as a matter of law that Plaintiff failed to present substantial evidence that supports the jury's finding that gender in fact played a motivating factor in the employer's decision not to promote Plaintiff to the position of Interim Director. **Defendants' Renewed Motion, at 2.** Plaintiff argues Defendants are ignoring the finding by the Fourth Circuit that Camby's alleged statement represents direct evidence of gender discrimination. *Pitrolo*, **2009 U.S. App. LEXIS 4862, at \*7.** The evidence presented at trial was, of course, not before the Fourth Circuit. After a thorough

consideration of the evidence presented at trial, the undersigned concludes that Plaintiff failed to present substantial evidence of gender discrimination. Accordingly, Defendants' renewed motion for judgment as a matter of law must be granted.

## II.  DISCUSSION

Rule 50(b) provides that no later than 10 days after entry of the judgment, an aggrieved party may file a renewed motion for judgment as a matter of law.  The Rule provides that the Court may (1) uphold the judgment entered on the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law in favor of the moving party.  **Fed. R. Civ. P. 50(b).**  A Rule 50(b) motion "should be granted if a district court determines, without weighing the evidence or considering the credibility of the witnesses, that substantial evidence does not support the jury's findings." **Konkel v. Bob Evans Farms, Inc.**, 165 F.3d 275, 279 (4th Cir. 1999) (citing **White v. County of Newberry**, 985 F.2d 168, 172 (4th Cir. 1993)); see also, **DeJarnette v. Corning, Inc.**, 133 F.3d 293, 297 (4th Cir. 1998) (finding that to "defeat an employer's motion for [judgment as a matter of law] as to liability in a discrimination suit, the plaintiff must

**present substantial evidence to support as a reasonable probability, rather than as a mere possibility, that her employer discriminated against her because of a protected characteristic.").** Substantial evidence has been defined as that evidence which "'a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). In considering the Rule 50(b) motion, the evidence must be viewed in the light most favorable to the nonmoving party and all reasonable inferences must be drawn in his or her favor. *See Konkel*, 165 F.3d at 279 (citing *Austin v. Torrington Co.* 810 F.2d 416, 420 (4th Cir. 1987)).

At issue in the present case is whether substantial evidence supports the jury's finding that gender played a motivating factor in Defendants' decision not to promote Plaintiff to the position of Interim Director. **Defendants' Renewed Motion,** *supra*; *see also* **Issues,** *supra.* Rule 50(b) provides that if "the court does not grant a motion for judgment as a matter of law made under 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion."

Title VII provides, in pertinent part, that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." **42 U.S.C. § 2000e-2(a).** Thus, Plaintiff has the burden of proving by a preponderance of the evidence that her employer, Buncombe County, or the agents of Buncombe County, that is the members of the Western North Carolina Air Quality Agency Board, discriminated against her on the basis of her gender. The question this Court must now decide is what evidence did Plaintiff offer on the issue of gender discrimination.

Plaintiff testified that Camby told her there was opposition to her being promoted to the position of Interim Director because of her gender. This testimony demonstrates, at best, that she believed Camby told her there was opposition to her because of her gender. The inference the jury must have drawn is that the opposition was from one or more of the Agency Board members that were charged with selecting the Interim Director. However, Camby unequivocally denied under oath that he ever heard any opposition to Plaintiff because of her gender from the Agency Board members or anyone else working for Buncombe County. In his

testimony before the jury, Camby also denied ever making any such statement to Plaintiff. Moreover, Plaintiff could not tie this alleged statement to any of the Agency Board members, or Buncombe County. Thus, the only evidence Plaintiff offered was the alleged statement made by Camby, which he denied ever making, that supposedly represents the sentiment of unknown Agency Board member or members. The Court finds as a matter of law that this is not substantial evidence that one or more unidentified Agency Board members discriminated against Plaintiff on the basis of her gender. **See Austin, 810 F.2d at 420 ("Against this standard, an old case, still followed, holds that a 'scintilla' of evidence is not enough to sustain a verdict[.]" (citing Schuylkill & Dauphin Improvement Co. v. Munson, 81 U.S. (14 Wall) 442, 448 (1871)); Lovelace v. Sherwin-Williams, Co. 681 F.2d 230, 241-42 (4th Cir. 1982) (inferences drawn by a jury must be "reasonably probable; mere speculation is insufficient").**

Upon studied consideration of the evidence presented at trial, the relevant case law and Federal Rules, and the arguments of counsel, the Court must conclude that Plaintiff failed to present substantial evidence to support the jury's finding that gender was a motivating factor in the

decision not to promote her to the position of Interim Director. Accordingly, Defendants' motion for judgment as a matter of law must be granted.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' renewed motion for judgment as a matter of law is **GRANTED.** An Amended Judgment reflecting the findings herein is filed herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney fees and costs is **DENIED.**

Signed: August 20, 2009

Lacy H. Thornburg
United States District Judge