IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:06cv199

| | |
|---|---|
| MELANIE PITROLO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COUNTY OF BUNCOMBE, )<br>NORTH CAROLINA, *et. al.*, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Declaratory Relief, Attorney's Fees and Costs [Doc. 89].

## PROCEDURAL HISTORY

In May 2006, the Plaintiff initiated this action alleging that the Defendants failed to promote her to the position of Interim Director and Director of the Western North Carolina Regional Air Quality Agency (Agency) because of her gender. [Doc. 1]. At the conclusion of discovery, the Defendants moved for summary judgment. [Doc. 19]. While that motion was pending, the parties attended mediation but reached an impasse. [Doc. 24].

The presiding Court[1] found that the Plaintiff's principal evidence came from her affidavit in which she recounted a statement made to her by Bob Camby, the retiring Director of the Agency. [Doc. 47 at 7]. According to the Plaintiff, Camby told her that she opposed for this promotion because, among other reasons, she was a young woman. [Id.]. During his deposition, however, Camby denied making any such statement and testified that he actually told the Plaintiff the opposition to her was based on her youth and lack of experience. [Id.]. Camby did not identify the person or persons who were opposed to her promotion. [Id.]. The presiding judge noted the conflicting evidence and found that the purported statement by Camby was "hearsay on hearsay." [Id. at 14]. Finding that this constituted inadmissible hearsay, the presiding judge granted summary judgment to the Defendants because there was no other evidence in the record, either direct or circumstantial, that gender was a motivating factor in the decision not to promote the Plaintiff.[2] [Id. at 14-16].

The Plaintiff appealed the dismissal of her case. [Doc. 49]. On appeal, the United States Court of Appeals for the Fourth Circuit found that Camby's

---

[1] Hon. Lacy H. Thornburg was the presiding judge over this case until his retirement in 2009. The case was subsequently reassigned to the undersigned.

[2] The Court also granted summary judgment as to the Plaintiff's other six claims alleged in the Complaint. [Doc. 47].

2

statement was admissible as an admission of a party opponent pursuant to Federal Rule of Evidence 801(d)(2). Pitrolo v. County of Buncombe, *et. al.*, 2009 WL 1010634 (4th Cir. 2009). Because the statement constituted direct evidence of gender discrimination, the Circuit vacated the grant of summary judgment as to the gender discrimination claim and remanded that claim for trial. Id. The Court of Appeals affirmed the grant of summary judgment as to the retaliation claim.[3] Id.

After remand, the Defendants renewed their motion for summary judgment as to certain claims. [Doc. 57]. On June 29, 2009, the trial court dismissed the Plaintiff's claims for individual liability under Title VII and denied the Defendants' claim that the gender discrimination claim should also be dismissed. [Doc. 62]. The case proceeded to trial on July 20, 2009. At the close of evidence, the trial court found as a matter of law that no issue concerning the position of Director, as opposed to Interim Director, of the Agency had been alleged and thus dismissed such claim. The jury returned their verdict on July 22, 2009. [Doc. 82]. The jury found the following: (1) the Plaintiff was denied the promotion to Interim Director because of her gender; (2) gender was a motivating factor in the Defendants' decision not to promote

---

[3]The Plaintiff did not appeal the dismissal of the other five claims.

her to that position; and (3) the Defendants would have denied the Plaintiff the promotion even in the absence of consideration of her gender. [Id.]. The jury declined to award any damages to the Plaintiff, even nominal damages. [Id.].

The parties filed post-trial motions. [Doc. 86, Doc. 89]. The trial court denied the Plaintiff's motion for declaratory relief, attorney's fees and costs and granted the Defendants' renewed motion for judgment as a matter of law. [Doc. 94]. The Plaintiff's action was dismissed with prejudice. [Doc. 95]. The Plaintiff appealed again. [Doc. 96].

On appeal, the Fourth Circuit vacated the trial court's order granting the Defendants' motion for judgment as a matter of law. Pitrolo v. County of Buncombe, et. al., 407 F. App'x. 657 (4th Cir. 2011). The Circuit reinstated the jury verdict and judgment in the Plaintiff's favor. Id. The Circuit also held that "with the reinstatement of the jury's verdict, Pitrolo is now the prevailing party ... [and] [a]s such, she is entitled to seek declaratory relief, injunctive relief, and attorney's fees and costs demonstrated to be directly attributable to her mixed-motive claim." Id. The case was therefore remanded to this Court for reconsideration of the Plaintiff's post-trial motion for declaratory relief and attorney's fees. Id. Upon receipt of the mandate, the undersigned provided the parties with an opportunity to supplement their past filings. [Doc. 107].

4

That having been accomplished, the matter is ripe for disposition. [Doc. 108, Doc. 109].

## STANDARD OF REVIEW

Concerning the Plaintiff's request for declaratory relief, 42 U.S.C. §2000e-5 provides in pertinent part:

> If the court finds that the [Defendants] ha[ve] intentionally engaged in ... an unlawful employment practice charged in the complaint, the court *may* ... order such affirmative action as may be appropriate, which may include, but is not limited to, ... equitable relief as the court deems appropriate.

42 U.S.C. §2000e-5(g)(1) (emphasis provided).

The statute also provides that when a defendant demonstrates that it would have taken the same action in the absence of the impermissible motivating factor, the court "*may* grant declaratory relief ... and attorney's fees and costs *demonstrated to be directly attributable only to the pursuit of a claim*" based on gender discrimination. 42 U.S.C. §2000e-5(g)(2)(B) (emphasis provided).[4]

"The word 'may' means just what it says: that a court has discretion to award (or not to award) attorney's fees." Sheppard, 88 F.3d at 1335. In

---

[4]The statute contains no prevailing party requirement. Sheppard v. Riverview Nursing Center, Inc., 88 F.3d 1332, 1336 (4th Cir.), cert. denied 519 U.S. 993, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996). The Fourth Circuit, however, made such a finding in the second appeal. Pitrolo, 407 F. App'x. 657.

5

exercising this discretion,

> a court must then decide whether considerations of proportionality warrant the award of a fee. If the victory is technical or de minimis, this is relevant to the reasonableness of the fee awarded. Indeed, the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. In considering the reasonableness of a fee request, a district court must give primary consideration to the amount of damages awarded as compared to the amount sought. Often, a plaintiff who sought compensatory damages and is awarded only nominal damages is one who formally prevails, but who should receive no attorney's fee award.[5] When the recovery of nominal damages is caused by the plaintiff's failure to prove an essential element of [her] claim for monetary relief, the only reasonable fee is usually no fee at all.

Zeuner v. Rare Hospitality Intern., Inc., 386 F.Supp.2d 635, 638 (M.D.N.C. 2005) (citing Sheppard, 88 F.3d at 1335; quoting Farrar v. Hobby, 506 U.S. 103, 114-15, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).

The Fourth Circuit has instructed that in considering whether an award of attorney's fees is warranted, the court should consider these factors: (1) the extent of relief; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose served by the litigation. Mercer v. Duke University, 401 F.3d 199 (4th Cir. 2005).

---

[5]Here, the Plaintiff did not receive nominal damages; she received no damages at all.

## DISCUSSION

**Declaratory relief.**

In the Plaintiff's Motion for Declaratory Relief, Attorney's Fees and Costs, she requested

> a declaration that defendants' failure to promote her to the position of Interim Director of the Agency was motivated by her gender in violation of Title VII. Pitrolo seeks relief requiring defendants to place a copy of the aforementioned declaratory judgment in her Buncombe County personnel file.

[Doc. 89 at 1-2]. She argued in her brief that such relief is authorized by 42 U.S.C. §2000e-5(g)(2)(B)(i). [Doc. 90 at 3]. Indeed, it was on this basis that the Fourth Circuit instructed that on remand the Plaintiff was entitled to seek such relief. The Court of Appeals did not hold, however, that the Plaintiff was entitled to declaratory relief. In her supplemental filing, the Plaintiff merely referred to the original filing and made no factual or legal argument in support of the request.

The Plaintiff, however, did not request declaratory relief in her Complaint. [Doc. 1-1 at 15]. She requested judgment "for actual damages, liquidated damages and punitive damages[.]" [Id.]. Moreover, at no point in the Complaint did the Plaintiff reference §2000e-5(g)(2)(B), the statutory authority for declaratory relief. Cobetto v. Wyeth Pharmaceuticals, 619

7

F.Supp.2d 142, 158 n.10 (W.D.Pa. 2007) (noting that although the statute provides for declaratory or injunctive relief, the plaintiff sought only compensatory damages). "Plaintiff did not request declaratory ... relief in the ... Complaint. Plaintiff's relief is therefore limited to attorney's fees and costs demonstrated to be directly attributable only to the pursuit of [her] mixed-motive claims pursuant to 42 U.S.C. §§2000e-2(m) and 2000e-5(g)(2)(B)." Carter v. Diamondback Golf Club, Inc., 2006 WL 229304 **7 n.15 (M.D.Fla. 2006) (internal quotation omitted); Marsal v. East Carolina University, 2012 WL 3283435 *9 (E.D.N.C. 2012) (noting that the plaintiff had sought declaratory relief in her complaint but finding that her request "does little more than simply affirm the jury's verdict"); 5 Federal Practice & Procedure Civil §§1238, 1256 (3d ed.) (complaint must include a demand for declaratory relief).[6]

The Court would, in any event, deny declaratory relief for the reasons stated in the second portion of this opinion. Although relief in the form of declaratory judgment may be given pursuant to §2000e-5(g)(2)(B) in the

---

[6]The Plaintiff cited various cases in support of her request for declaratory relief. In those cases, it was not disputed that the plaintiff had originally sought such relief. One case cited by the Plaintiff has been reversed and remanded. Serwatka v. Rockwell Automation, Inc., 583 F.Supp. 2d 994 (E.D.Wis.), reversed and remanded 591 F.3d 957 (7th Cir. 2010).

absence of an award of damages, such relief is available only when the plaintiff has succeeded in serving an important public purpose. Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1080-81 (10th Cir. 1998) (citing Farrar v. Hobby, 506 U.S. 103). As discussed below, the Court does not find that the Plaintiff's litigation here has done so. Indeed, in this case, where the Plaintiff has not been in the Defendants' employment since 2005, a declaratory judgment would "do[ ] little more than simply affirm the jury's verdict." Marsal, 2012 WL 3283435 *9; Richardson v. Tricom Pictures & Productions, Inc., 334 F.Supp.2d 1303 (S.D.Fla.), affirmed 183 F. App'x. 872 (11th Cir. 2006) (declaratory relief moot where plaintiff had no present or future connection with the defendants and had never sought reinstatement).

**Attorney's fees.**

Section 2000e-5(g)(2)(B) provides that this Court has the discretion to determine whether an award of attorney's fees is warranted in this case. Thus, the first consideration is whether such an award is warranted, not whether the amount sought by the Plaintiff is appropriate. Sheppard, 88 F.3d at 1335; Marsal, 2012 WL 3283435. In both the original motion and the supplement thereto, the Plaintiff discusses why she is entitled to the full amount sought, $210,265.00. At no point, however, in either filing has she addressed whether

9

or not an award is warranted in this case.[7] For this reason alone, the Court finds that the Plaintiff has failed to show that an award of attorney's fees is warranted.

The Court nonetheless will make an initial determination as to whether, in the exercise of its discretion, an award of attorney's fees is warranted. Zeuner v. Rare Hospitality International, Inc., 386 F.Supp.2d 635, 638 (M.D.N.C. 2005) (once a plaintiff is deemed eligible for attorney's fees, the court must then consider whether an award is warranted).

The Court first considers the extent of the relief obtained. Mercer, 401 F.3d at 204. Here, the Plaintiff's primary goal was an award of damages. She sought damages in the form of lost wages in the amount of $26,000.00 to $28,000.00 per year for a three year period (approximately $84,000.00) as well compensatory and punitive damages.[8] [Doc. 92 at 3]. The jury awarded no damages; not even nominal damages. Moreover, the Plaintiff did no seek

---

[7]In the Plaintiff's Brief in support of the original motion, counsel stated that "Pitrolo will first address the appropriate lodestar amount ... and will then discuss how ... an award of the lodestar amount ... is proper in this case." [Doc. 90 at 6]. Although the Plaintiff did discuss the lodestar factors, at no point did she address the issue of whether an award of attorney's fees is warranted in a mixed motive case in which no award of damages was given. The issue was likewise not addressed in her Supplemental Filing. [Doc. 109].

[8]This calculation was based on her initial claim that she was discriminated against in the failure to promote her to the position of Director. This claim was dismissed and the Plaintiff never appealed that dismissal.

either injunctive or declaratory relief in her Complaint and has obtained neither. [Doc. 1-1 at 15]. Her success, therefore, was extremely limited. The "substantial difference between the judgment recovered and the recovery sought suggests that the victory is in fact purely technical." Farrar, 506 U.S. at 121. Indeed, to the extent that she obtained a victory, it was pyrrhic. Farrar, 506 U.S. at 117 (O'Connor, J., concurring).

Moreover, because the jury found that the Defendants would have taken the same action absent any discriminatory animus, the Plaintiff failed to prove an essential element of her claim for monetary relief; that is, that any damages were warranted. Western Insulation, LP v. Moore, 362 F. App'x. 375, 379 (4th Cir. 2010) (discussing Farrar, 506 U.S. at 115). In such a situation, "the only reasonable fee is usually no fee at all," a decision which may be reached without reciting the twelve factors which bear on the reasonableness of the fee sought. Farrar, 506 U.S. at 114-15; Velius v. Township of Hamilton, 466 F. App'x. 133, 138 (3rd Cir. 2012) (remanding to district court which did not appear to recognize the presumption of no fees in nominal damages cases); Doe v. Chao, 435 F.3d 492, 505 (4th Cir. 2006) (the most critical factor is the degree of success obtained); Carter v. Burch, 34 F.3d 257 (4th Cir.), cert. denied 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed.2d

1068 (1995) (no award in case involving nominal damages and "no broad civil rights issues"). "This is because when the recovery of monetary damages is the purpose of the claim, a plaintiff who receives only nominal damages has succeeded in only a technical sense." Johnson v. City of Aiken, 278 F.3d 333, 338 (4th Cir. 2002).

The second factor for consideration "is concerned with the general legal importance of the issue on which the plaintiff prevailed."[9] Mercer, 401 F.3d at 206. Five of the seven claims raised by the Plaintiff in her Complaint were dismissed at the summary judgment stage. Although she appealed the dismissal of her claims for gender discrimination and retaliation, she did not appeal the dismissal of those other claims. On appeal, the Plaintiff had limited success since the Fourth Circuit affirmed the dismissal of the retaliation claim but reinstated the gender discrimination claim. Nonetheless, that claim was further limited by the trial court's ruling at the close of evidence during the trial.[10] Most importantly, the jury rejected her claim for damages in any event. In other words, she "won on appeal only to lose at trial." Id. at 207.

---

[9]To a certain extent, the discussion of the legal significance of the Plaintiff's case meshes and is intertwined with considerations of the value of the case to the public good. Thus, at times both factors are considered simultaneously.

[10]The trial court granted judgment as a matter of law to the Defendants as to the Plaintiff's claim that she had been denied the position of Director and limited her claim to the position of Interim Director.

Nor was this a case that was legally significant to the law of gender discrimination. It was a "typical civil rights action in which Plaintiff was seeking to vindicate her personal rights." Zeuner, 386 F.Supp.2d at 639.

> The vast majority of civil rights litigation does not result in groundbreaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief.

Pino v. Locascio, 101 F.3d 235, 239 (2nd Cir. 1996). Indeed, the Plaintiff's case was remanded solely on an evidentiary point, not a matter of gender discrimination law. This is not a case in which a "civil rights plaintiff ... obtain[ed] meaningful relief [which] corrected a violation of federal law, and, in so doing, ... vindicated Congress's statutory purposes." Fox v. Vice, __ U.S. __, 131 S.Ct. 2205, 2214, (2011).

After the jury verdict, the Defendants moved for judgment as a matter of law and the Plaintiff moved for an award of attorney's fees. [Doc. 86, Doc. 89]. The trial court granted the Defendants' motion and denied the Plaintiff's motion for attorney's fees. [Doc. 94]. The Plaintiff appealed again. [Doc. 96]. It is telling, however, that she did not appeal the jury's verdict in which it found that the Defendants would have refused to promote her to the position of Interim Director in any event. [Id.]. Nor did she appeal the jury's determination that she was not entitled to an award of damages of any kind. [Id.]. The

13

appeal was limited to the trial court's grant to the Defendants of judgment as a matter of law and, most importantly, the denial of her motion for attorney's fees. [Id.]. While the Plaintiff may claim that both of her appeals were successful, "success might be considered material if it also accomplished some public goal other than occupying the time and energy of counsel, court, and client." Farrar, 506 U.S. at 121-22 (O'Connor, J., concurring). Here, the only goal was personal to the Plaintiff and to her attorney's desire for an award of counsel fees.

> [Section 2000e-5(g)(2)(B)] is not a relief Act for lawyers. Instead, it is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory. Yet one searches these facts in vain for the public purpose this litigation might have served.

Farrar, 506 U.S. at 122 (O'Connor, J., concurring). Thus, to the extent that the Plaintiff may claim success, it was not material to the public good. In other words, "[w]hile every case is different, the instant one was not novel, and as such, this factor does not weigh in favor of attorney's fees." Marsal, 2012 WL 3283435 **3. Indeed, the Fourth Circuit has recognized that the ordinary case where no damages or nominal damages are awarded "warrants no fee award." Mercer, 401 F.3d at 204.

The final factor for consideration is the public purpose of the litigation.

14

Mercer, 401 F.3d at 206. The Fourth Circuit has held that "refusing a reasonable offer of settlement promotes few public interests when the plaintiff ultimately receives a less favorable recovery after trial." Sheppard, 88 F.3d at 1337.[11] On June 19, 2009, immediately prior to the trial, the Defendants offered to settle the case for $5,000.00. [Doc. 92-1 at 1]. The counter-offer from the Plaintiff was to settle the matter for $393,022.00. [Id. at 4]. That figure included a claim for lost wages and benefits in the amount of $169,000.00 and compensatory damages in the amount of $100,000.00. [Id.]. It also included attorney's fees calculated through June 19, 2009 in the amount of $117,625.00. [Id.]. On July 14, 2009, the Defendants countered with an offer of $10,000.00. [Id. at 5]. The next day, the Plaintiff rejected that offer but proposed settling the case for $245,000.00. [Id. at 6]. On that same day, the Defendants made their final offer to settle for $15,000.00. [Id. at 7]. No response was received. [Id. at 2]. The parties proceeded to trial.

During the trial, it was shown that the Plaintiff had earned $47,000.00 per year in her position with the Agency. [Doc. 92 at 5 n.3].[12] The Interim

---

[11]The Fourth Circuit also held in Sheppard that when an offer of settlement is made and rejected in a mixed-motive case, Rule 68 does not apply to a request for an award of attorney's fees pursuant to §2000e-5(g)(2)(B) although the rejection thereof may be considered. Id.

[12]Although the Defendant did not cite to the trial transcript in discussing this evidence, the Plaintiff has not disputed the evidence.

Director position earned $61,000.00 per year. [Id.]. That position, however, was only for a six month period. [Id.]. Thus, the difference between the Plaintiff's salary and the Interim Director's salary was $14,000.00 per year. [Id.]. Since the Interim Director position was only for a six month period, the maximum amount of lost wages would have been $7,000.00. [Id.].

At the close of evidence, the trial court dismissed the Plaintiff's claim based on her denial of the position of Director and limited her claim to the Interim Director's position. [Id.]. This ruling of necessity limited her claim for lost wages to $7,000.00. At that time, the Defendants renewed their offer to settle the case for $15,000.00, despite the fact that the maximum amount of lost wages in issue was the sum of $7,000.00. [Id.]. Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir.), cert. denied 532 U.S. 1066, 121 S.Ct. 2216, 150 L.Ed.2d 209 (2001) (offer is reasonable if it is equal to or more than the total actually recovered). The Plaintiff's attorney made no response to this offer. [Id.]. As previously noted, the jury did not award the Plaintiff any sum.

Ten days after the jury's verdict, the Plaintiff moved for an award of attorney's fees in the amount of $169,222.50. [Doc. 90 at 19]. In support of that motion, Plaintiff's counsel stated:

> From the inception of this lawsuit we believed that Mrs. Pitrolo would successfully prosecute her case, and have expected to be

> compensated on an hourly basis for all hours billed. We have also expected that if the defendants were found to have violated Title VII, that plaintiff would receive a fee award from the Court.

[Doc. 89-4 at 9]. At the time that counsel made this statement, the Plaintiff had already obtained a jury verdict on the mixed-motive claim which had rejected her claim for damages. She did not appeal that verdict. When the trial court denied the motion for an award of attorney's fees, counsel appealed that denial. Counsel's statement thus is an implicit admission that the purpose of the second appeal was simply to pursue an award of attorney's fees. Therefore, the legal services rendered in connection with that appeal are not "directly attributable only to the pursuit of a [mixed-motive] claim." 42 U.S.C. §2000e-5(g)(2)(B); Moriarty, 233 F.3d at 967 (attorney's fees accumulated after a party rejects a settlement offer provide minimal benefit to the plaintiff).

It is also telling that even while the case was on appeal for the second time, a mediated settlement conference with a mediator for the Fourth Circuit failed. [Doc. 108-1]. The Defendants offered to waive the costs' award which the trial court had given to them and to settle for the sum of $10,000.00, even though the Plaintiff had failed to appeal the jury's award of no damages.[13]

---

[13] Again, this figure was in excess of the actual lost wages of $7,000.00.

[Id.]. The Plaintiff's only counter-offer was the sum of $173,000.00. [Id.]. The mediator declared an impasse. [Id.].

> That Rule 68 may not require [a] plaintiff[] to bear [her] own post-offer attorney's fees in §2000e-5(g)(2)(B) cases does not, however, prohibit courts from considering a plaintiff's rejection of a settlement offer as one factor affecting its decision whether to award fees or in what amount. In fact, such a consideration seems a sensible one in light of Farrar's concerns with the degree of success achieved by the plaintiff and the public purposes served by the litigation.

Sheppard, 88 F.3d at 1337.

In other words, did "the litigation serve[ ] a public purpose, as opposed to simply vindicating the plaintiff's individual rights." Marsal, 2012 WL 3283435 **3. This case involved the claim of a single individual and has had and will have no "profound influence on the development of the law and on society." Mercer, 401 F.3d at 208. The jury found that, while the Defendants improperly considered her gender in connection with a promotion, they would not have promoted her in any event. This is the essence of the mixed-motive scheme and was certainly not "the first of its kind." Id. Nor did the Plaintiff seek "broad equitable relief that would have reached beyond her individual claim." Id. There were therefore no "public purposes served by resolving the dispute [which] justifies the recovery of fees." Norwood v. Bain, 215 F.3d 1320 **3 (4th Cir. 2000) (quoting Sheppard, 88 F.3d at 1336).

18

The Court has carefully considered the history of this case, the personal nature of the relief sought and the extremely limited success achieved. The Court cannot find this litigation served any public purpose. In sum, an award of attorney's fees is not warranted in this matter.[14] Because the Court finds that no award is warranted, it will not proceed to examine the reasonableness of the fee sought.

For the reasons stated herein, the Court also determines in its discretion that the partial victory of the Plaintiff is so limited in nature as to warrant requiring each party to bear her/his/its own costs.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Declaratory Relief, Attorney's Fees and Costs [Doc. 89] is hereby **DENIED**.

Signed: October 1, 2012

Martin Reidinger
United States District Judge

---

[14]The Court of Appeals granted to the Plaintiff an award of costs which the Defendants have paid. [Doc. 108-1].